NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 09-1055
_____

UNITED STATES OF AMERICA

v.

DERICK PRICE, a/k/a Coleone, a/k/a Toone

Derick Price, Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 1-05-cr-00443-004, 1-07-cr-00061-001)
District Judge:  The Honorable Yvette Kane
_____

Submitted Under Third Circuit LAR 34.1(a)
April 25, 2011

BEFORE:  BARRY, HARDIMAN, and NYGAARD, Circuit Judges.

(Filed:  June 29, 2011)

_____

OPINION OF THE COURT
_____

NYGAARD, Circuit Judge.

Derick Price pleaded guilty to a conspiracy to transport individuals with intent to engage in prostitution, coercing and enticing individuals to travel in interstate commerce for prostitution, and interstate travel with intent to distribute proceeds of prostitution, in violation of 18 U.S.C. §§ 371, 2421, 2422(a), and 1952(a). He also pleaded guilty to two separate counts of transportation of a minor for purpose of engaging in prostitution, in violation of 18 U.S.C. § 2421. The District Court sentenced Price to 228 months of imprisonment, supervised release for life, a fine of $1,000 on each count, and an assessment of $100 on each count.[1]

Quoting Price's brief, he raises the following issues on appeal.

> I. Whether the District Court improperly applied the cross-reference and enhancements under U.S.S.G. § 2A3.1?
>
> II. Whether the District Court erred in applying any of the enhancements to the extent that they were based upon a finding of co-conspirator liability?
>
> III. Whether the District Court erred in applying the vulnerable victim enhancement?
>
> IV. Whether the District Court erred in applying the organizer or leadership enhancement?
>
> V. Whether Probation's opinion as to the inapplicability of any 3553(a) factors was inappropriate legal advocacy and the District Court erred in adopting its findings when overruling Mr. Price's objection?
>
> VI. Whether in its totality, the sentence imposed by the District Court was unreasonable?

---

[1] The District Court also sentenced Price to three years of supervised release on Count 1, served concurrently.

Brief of Appellant, p. 2. We will vacate the District Court's judgment of sentence and remand for resentencing because it erred by applying the leader/organizer enhancement. We regard all other issues raised by Price to be meritless.

The District Court established a base offense level according to the cross-reference to U.S. Sentencing Guidelines Manual § 2A3.1 (2007). Price asserts that there was not sufficient reliable evidence in the record to support the District Court's use of the cross-reference. He dismisses evidence that he physically abused individuals he prostituted. Moreover, he treats as insignificant his guilty plea to conspiracy, which made all reasonably foreseeable acts of co-conspirators in furtherance of the conspiracy. Price maintains that none of the acts of his co-conspirators were foreseeable and cannot be attributed to him. Yet, in addition to his general interaction with fellow "pimp partners" in the conspiracy, the record indicates that a co-conspirator known for his brutality trained Price to be a pimp. Moreover, the record established that the co-conspirators' vast operation systematically forced the women and girls they victimized to continue prostituting by creating an environment of fear and intimidation through a pervasive use of coercion, manipulation and physical violence against them. Therefore, the District Court reasonably concluded that the acts of the co-conspirators were foreseeable to Price, and it did not err in deciding that Price's acts and those of his co-conspirators were sufficient to apply the cross-reference.

He also makes a vague challenge to the District Court's application of the four-level special offense characteristic, pursuant to section 2A3.1(b)(1), on the basis that it is

double counting. We disagree. The District Court properly applied the entire offense guideline after the cross-reference, consistent with section 1B1.5.

Regarding the vulnerable victim enhancements, Price and his co-conspirators targeted numerous helpless victims, including a twelve year-old girl, and girls who were homeless and/or from severely unstable families. These conditions were not incidental to the victimization. The District Court found that, using this strategy, the conspiracy prostituted over forty minors. This record supports the application of the enhancements for vulnerable victims, pursuant to section 3A1.1(b)(1), and a large number of vulnerable victims, pursuant to section 3A1.1(b)(2).

Price also challenges the serious bodily injury enhancement under section 2A3.1(b)(4). The record indicates that the co-conspirators subjected the victims they prostituted to pervasive physical violence, resulting in broken bones, deep lacerations, and concussions. As a result, we do not find any merit in Price's challenge to the District Court's application of this enhancement.

We also easily dispose of Price's claim that the probation office evinced a lack of neutrality by stating in the Presentence Report that there did not appear to be any grounds for a sentence outside of the Guidelines range. As Price concedes, the Rules state the following:

> [(d)(1)] The presentence report must (A) identify all applicable guidelines and policy statements of the Sentencing Commission; . . . (D) identify any factor relevant to: (i) the appropriate kind of sentence, or (ii) the appropriate sentence within the applicable sentencing range. . . .[(d)(2)] (F) any other information that the court requires, including information relevant to the factors under 18 U.S.C. § 3553(a).

4

Fed. R. Crim. P. 32(d). We find nothing in the Presentence Report that strays from these requirements. Moreover, as a practical matter, the District Court's sentence varied downward from the Guidelines range, negating any claim of prejudice from the allegedly biased report.

Finally, we do conclude that the District Court improperly applied the leader/organizer enhancement in calculating Price's sentence. As we have previously stated: "We note that, at a minimum, a criminal scheme must involve more than one participant in order to be found otherwise extensive; there can be no less than the defendant and one participant the defendant led or organized." *United States v. Helbling*, 209 F.3d 226, 248 (3d Cir. 2000) (citing section § 3B1.1, Application Note 2).[2] At his sentencing hearing, the District Judge said:

> I find that although the defendant was not a leader among his peers, he was a leader and organizer of nonparticipants and that, as I have said, there were a large number of nonparticipants, such that the application of the note for otherwise extensive would apply to this defendant.

---

[2] Application Note 2 states: "To qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. An upward departure may be warranted, however, in the case of a defendant who did not organize, lead, manage, or supervise another participant, but who nevertheless exercised management responsibility over the property, assets, or activities of a criminal organization." We note that while the first sentence refers to "adjustments" to a Guidelines sentence, the second sentence of the Note, which eliminates the requirement for evidence of leadership over another participant, appears to refer to instances in which the government files a motion for an upward departure from the Guidelines. No such motion was filed in the instant case.

Sentencing Hearing 50, ECF No. 1794. With this clear statement that Price did not lead any peers, and that he led or organized only nonparticipants, the District Court erred by applying section 3B1.1(a) to enhance Price's sentence.[3]

Accordingly, for the reasons stated above, we will vacate the judgment of sentence of the District Court and remand for resentencing.

---

[3] Because our conclusion will require the District Court to resentence Price, we do not reach the remaining issue on appeal regarding the unreasonableness of his sentence.